HAWAIIAN GOVERNMENT vs. WILLIAM H. CORNWELL.

EXCEPTIONS.

HEARING, DECEMBER 23, 1889.    DECISION, JANUARY 7, 1890.

JUDD, C.J., McCULLY, PRESTON, BICKERTON, DOLE, JJ.

A lease of land, the property of the Government, exceeding $300 in value, made subsequent to the enactment of the statute of 1876, is invalid when it is made privately and not at public auction, after advertisement, and as prescribed by the statute.

It is not made valid by the written consent of the Minister of the Interior to an assignment.

Third parties acquire no title by the payment of rent.

An action of ejectment may be brought, although rent has been paid in advance of the time of bringing the action.

The exceptions are overruled.

OPINION OF THE COURT, BY McCULLY, J.

This action was tried by Mr. Justice Dole, the jury having been waived, who gave judgment for the plaintiff for the possession of the premises with the nominal damages of one dollar.

The facts upon which the matter depends are not controverted. They are as follows:

April 23d, 1883, a lease was made on behalf of the Hawaiian Government by John E. Bush, then the Minister of the Interior, to Her Majesty Queen Kapiolani, of the lands of Waiakoa, Pulehuiki and Kamehameiki, in the island of Maui, for the term of thirty years, at the annual rental of one hundred dollars. The area of the lands exceeds seven thousand acres, worth in 1883 say two dollars per acre, and for rental from $500 to $1,000 per year.

The lease was made privately, not being advertised or offered at public auction. January 28th, 1887, permission, endorsed on the lease, was granted by L. Aholo, Minister of the Interior,

to the lessee, "to transfer and assign this lease to W. H. Cornwell, under the same terms and conditions as herein cited."

January 28th, 1887, sub-lease was executed to W. H. Cornwell of these demised lands for the term of twenty years at an annual rental of seven hundred dollars, with also some right of pasturage reserved, the sub-lessee to also pay the rental to the Government.

October 13, 1888, W. H. Cornwell paid into the Interior Department $50, semi-annual rent for six months in advance from October 17 (to April 17th, 1889.)

January 16th, 1889, demand of possession for the Interior Department was made on W. H. Cornwell.

March 6th, 1889, service of writ in this suit was made on the defendant, W. H. Cornwell.

Two questions are raised by the bill of exceptions; first, as to the validity of the lease of the Government to Queen Kapiolani; and second, as to the right to bring the action before the time had expired for which the Government had received its advance payment.

The ground alleged for the invalidity of the lease is that it was not made in accordance with the requirements of the statute, which is Chapter XLIV. of the Laws of 1876, found on page 11, Comp. Laws, that "All sales or leases of Government lands shall be made at public auction, after not less than thirty days' notice by advertisement, with description of the area, situation, etc., in two or more newspapers published in Honolulu in both the Hawaiian and English languages, excepting lands and portions of lands of less than three hundred dollars in value."

It is only justice to the counsel for the defendant to say that they do not strongly contend that a lease made in contravention of the provisions of this statute would be valid. In the written brief presented it seems to be ignored. In the oral argument there was some attempt to hold that the unlawfulness in making the lease had been cured by the subsequent endorsement of another Minister of the Interior of permission to make a specific assignment to a sub-lessee, and by the receipt of pay-

ments of rent.  The authorities cited do not apply to the case of a public officer proceeding contrary to law.

We are of opinion that it is too plain for argument that this lease was made without authority of law and in contravention of the law.  The reason of the statute is plain.  It was enacted to restrict a power which had previously been vested in the Minister of the Interior, by and with the authority of the King in Cabinet Council, to lease, sell or otherwise dispose of the public land in such manner as he may deem best.  Sec. 42 of the Civil Code.  It was intended and has well served to prevent such bargains of improvidence or corruption as the present case is an example of.  In effect, it is a matter of public notoriety that the open competition frequently secures for the Government higher rates than good offers upon which as an upset price the fee or lease may be put up.

. And equally it is clear that the invalid lease cannot be "built up" into validity by the leave given to assign it, and by receiving rents from term to term.  The law is mandatory. The acts of the Department in this instance have set it aside.

The language of Mr. Justice Story, in *Johnson vs. United States*, 5 Mason, 441, may be cited here:  "The act of a public officer in violation of the duties of his office, which duties constitute a part of the vital arrangements of the Government, cannot be permitted to have any legal effect by way of defense to those who have participated in the violation and encouraged and aided it.  I hold it most clear that the acts of a public officer beyond the scope of his powers and in violation of his public duties are, in such cases at least, utterly void."

The second ground, that this action would not lie, having been brought before the expiration of the time for which rent had been taken in advance, must be treated on the principle above expressed, that no act of the Minister can make the invalid lease valid.  The payment of the rent is a payment on the lease.  The lease being invalid, it cannot then be considered a payment on an oral permission given under some general power of control of the Government lands vested in the Minister.  His is a power to lease land exceeding $300 in value by

an offering at public auction after advertisement with description given. The construction that some general power would permit him to authorize a tenancy upon private terms would defeat the purpose of the statute, which was to restrict to the public and competitive mode.

But is there an estoppel by the rent accepted in advance? An answer to that would be that the statute is set aside for the time, and that the rent might be kept always paid in advance. The rule of law which might apply in the case of a private party accepting rent upon an invalid lease, being held to have created an oral tenancy at will, is not to be considered at all in this case where a statute exists intended to restrict and define the action of a public officer.

Likewise the claim that the sub-lessee has acquired a right to hold until the expiration of the term he has paid for. His right to have the money repaid pro rata the unexpired time is distinct from a right to hold the land. We may be allowed to remark here, that a tender to refund the money or a short delay in bringing the action, meantime giving notice that no further rent payment would be received, would have deprived the defendant of the chief ground on which his defence has been made. The judgment of the Trial Justice, who would allow only nominal damages on the ground that the defendant's occupation was by a colorable lease and with the actual consent of the plaintiff, allows the defendant all the equity of his position.

We may be allowed to make the further observation that a lease or a deed of conveyance from the Government, which the statute requires shall be made only upon the performance of certain acts, should contain a recital of the due performance of them and of the time and manner thereof. The absence of a recital should advise the grantee, lessee or assignee that the legal conditions may not have been performed.

The exceptions are overruled.

*C. W. Ashford*, Attorney-General, and *A. P. Peterson*, his deputy, for Hawaiian Government.

*Paul Neumann* and *C. L. Carter*, for defendants.